IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 09-CV-00214-WDM-BNB

**JERRY STEHMAN d/b/a JERRY'S OUTDOOR SPORTS,**

    Petitioner,

v.

**ANDREW GRAHAM, Director of Industry Operations,
Bureau of Alcohol, Tobacco, Firearms and Explosives,
DEPARTMENT OF JUSTICE,
UNITED STATES OF AMERICA,**

    Respondent.
_____

**STIPULATED PRELIMINARY INJUNCTION**
_____

    This matter came on for hearing on motion of the Petitioner, Jerry Stehman d/b/a Jerry's Outdoor Sports, for the issuance of a temporary restraining order and preliminary injunction against the Respondent, Andrew Graham, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives, Department of Justice, United States of America, counsel for both Petitioner and Respondent being present, and the Court being fully advised.  The parties have reached an agreement with respect to the issues raised in Petitioner's motion, and stipulated as to the following matters:

    1.    This is a petition for *de novo* judicial review of the revocation of a federal license as a dealer in firearms other than destructive devices.

    2.    Petitioner, Jerry Stehman, is, and has been for over 20 years, a federally

licensed firearms dealer who owns and operates a retail firearms store located in Grand Junction, Colorado commonly known as Jerry's Outdoor Sports ("Jerry's").

3. Respondent, Andrew Graham, ("DIO Graham") is the Director of Industry Operations of the Denver Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq,* and its related regulations.

5. Venue is proper in the District of Colorado, as Jerry's place of business is located within the district in Grand Junction, Colorado.

6. A Notice of Revocation of Firearms License dated April 30, 2008 was sent by DIO Graham to Jerry's notifying Jerry's that its federal firearms license as a dealer in firearms other than destructive devices ("FFL") was being revoked.

7. Jerry's timely requested an administrative hearing with respect to the revocation of its FFL pursuant to 18 U.S.C. 923(f)(2), and a hearing was held in Denver, Colorado on August 6, 2008.

8. On December 5, 2008, Jerry's received a Final Notice of Revocation of Firearms License from DIO Graham dated December 2, 2008 (the "Final Notice").

9. The Final Notice sets forth certain findings of fact and conclusions of law regarding DIO Graham's revocation of Jerry's FFL.

10. Petitioner timely filed this action pursuant to 18 U.S.C. 923(f)(3) and its

related regulations.

IT IS THEREFORE ORDERED THAT a stipulated preliminary injunction be entered as follows:

1. Petitioner may continue to conduct business under his FFL, including the acquisition and distribution of firearms, during the pendency of this case and/or until further order of court issued upon notice and an opportunity to be heard, provided, however, Petitioner shall not carry more than 1200 firearms in inventory on its premises at any given time. Petitioner shall take reasonable good faith steps to monitor its inventory of firearms to ensure that its inventory does not exceed 1200 firearms at any given time. In the event that Petitioner discovers that it has more than 1200 firearms in inventory at any given time, Petitioner shall immediately transfer any such excess firearms to another federal firearms licensee holding a valid federal firearms license that is not subject to administrative action by ATF.

2. In the event that this action is concluded other than a mutually agreeable settlement by the parties (which in such event the terms of such settlement shall control) or a judgment in favor of Petitioner (which in such event, the terms of such judgment shall control), and this Court issues an order upholding the DIO's decision to revoke the Petitioner's license, Petitioner shall transfer, within 90 days, any remaining inventory to another federal firearms licensee holding a valid federal firearms license that is not subject to administrative action by ATF.

3. Petitioner shall continue to implement the compliance plan that was

tendered as an exhibit during the administrative hearing on August 6, 2008.

4. Petitioner shall in every other way comply with all applicable federal, state, and local laws.

5. In the event that this action is concluded other than by a mutually agreeable settlement by the parties (which in such event the terms of such settlement shall control) or a judgment in favor of Petitioner (which in such event, the terms of such judgment shall control), the Court shall retain jurisdiction to enforce the terms of this agreed preliminary injunction.

6. At no time during the period that this order remains in effect and/or during the 90 day transfer period referred to in paragraph two shall Petitioner transfer any firearms in inventory to himself and/or his family members.

7. In the event that this action is concluded other than by a mutually agreeable settlement by the parties (which in such event the terms of such settlement shall control) or a judgment in favor of Petitioner (which in such event, the terms of such judgment shall control), and this Court issues an order upholding the DIO's decision to revoke the Petitioner's license, paragraph one of this order shall be immediately invalid and the time provisions of paragraph two shall begin immediately, provided, however, Petitioner is not waiving the right to appeal any such resolution and to seek additional relief, upon notice and an opportunity to be heard, from an appropriate court and/or forum at that time.

8. Respondent is otherwise enjoined from revoking Petitioner's FFL during the

pendency of these proceedings or until further order of this Court upon notice and opportunity to be heard.

DATED at Denver, Colorado, on February 5, 2009.

BY THE COURT:

s/ Walker D. Miller

s/ Walker D. Miller
United States Senior District Judge